IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


JOSHUA A. ADAMS                                                                             PLAINTIFF

v.                                    Civil No. 05-2068

JO ANNE B. BARNHART,
Commissioner, Social Security Administration                                                DEFENDANT


**MEMORANDUM OPINION**

Plaintiff Joshua A. Adams brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for benefits under Title 42 U.S.C. Section 405(g) and 1383(c)(3). The defendant filed an answer to the complaint on June 15, 2005 (Doc. #8).

On August 16, 2005, the Commissioner, having changed positions, filed a motion (Doc. #10) requesting that plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. The defendant states that upon remand, the Administrative Law Judge (ALJ) will obtain vocational expert testimony to assess plaintiff's residual functional capacity to perform other jobs and to determine whether jobs exist in significant numbers in the national economy which plaintiff can perform. We have telephonically verified that plaintiff's attorney has no objection to the motion.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider, new,

material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to "sentence four" of 42 U.S.C. § 405(g). If plaintiff wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. at 302; 28 U.S.C. § 2412(d)(1)(B),(d)(2)(G).

DATED this 17th day of August 2005.

/s/Hon. Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE